FEDERAL LAND BANK OF BALTIMORE, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1153. Submitted November 6, 1944.—Decided November 27, 1944.

184

*Frank Martínez, S. García Díaz,* and *M. A. García del Rosario,* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In a bankruptcy proceeding in the United States District Court for Puerto Rico and at a public sale there was sold and adjudicated to the Federal Land Bank certain real property free from all liens or encumbrances, and the Referee in Bankruptcy ordered the cancellation of two crop lien contracts and of two mortgages recorded as junior liens to the mortgage of the bank in the Registry of Property of Aguadilla. The registrar refused the cancellation of the liens "because in his opinion the manner in which the creditor was summoned should have been established in this registry . . . in order to determine the jurisdiction of the court, entering instead a cautionary notice for 120 days."

In the order issued by the Referee in Bankruptcy the following is stated:

"WHEREAS, said junior lienholders *were made party creditors in the above bankruptcy proceedings and were served with notice of the public sale held by order of this Court.* The mortgages in favor of the United States of America and María Marchese Vivó, as well as the crop lien contracts in favor of Central Pellejas, referred to under farms marked 'B', 'C' and 'D', were junior liens to the mortgage in favor of the Federal Land Bank of Baltimore, under which the favorable bid in favor of said bank was credited; and the mortgages in favor of the United States of America and María Marchese Vivó, referred to under farm marked 'A' were also junior liens to the mortgage in favor of The Federal Land Bank of Balti-

more, which mortgage has been fully  paid with the proceeds of the sale to José M. Vélez Hernández of said farm marked 'A'.'' (Italics ours.)

■■ We are of the opinion that it is not incumbent on the registrar of property nor on the insular courts to review the proceedings of a Federal Bankruptcy Court by trying to conform them to the insular proceedings. At most what the registrar can do is to determine whether, within the Federal proceeding, the Bankruptcy Law has been complied with as to the mode of summoning the interested parties. Since it appears from the order issued by the Referee in Bankruptcy that the subsequent creditors were made parties in the bankruptcy proceedings and that they were served with notice of the public sale, compliance was had with § 58 of the Bankruptcy Law which provides as follows:

"NOTICES: Creditors shall have at least 10 days' notice by mail to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterward filed with the papers in the case by the creditors, of (1) all examinations of the bankrupt, if the Court so directs; (2) all hearings upon application for the confirmation of arrangements and wage earner plans; (3) all meetings of creditors; (4) all proposed sale of property.''

The respondent registrar contends that his objection in this case "does not relate to substance but to form.'' Nevertheless, he insists that it should be established "that the person whose title appears recorded in the registry and the cancellation of which is now ordered was satisfactorily *summoned and served with notice* of the nature and scope of the bankruptcy proceeding, in order that said person should appear to defend his rights,'' and he relies on several cases wherein this court construed the last paragraph of § 171 of the Mortgage Regulations[1] in connection with the service on the sub-

---

[1] "When the certificates of the registrar of property show the addresses of the persons interested in the liabilities which may have been recorded subsequently to the right of the petitioner, the judge shall order, at the time demand for payment is issued, that notice thereof be served on said interested persons at the addresses mentioned if found there.''

sequent creditors of the initial petition in a summary foreclosure proceeding. Those cases are not applicable to the case at bar, first, because there is not involved herein a summary foreclosure proceeding; and, second, because it appearing from the order of the Referee in Bankruptcy that the subsequent creditors were made parties in the proceeding and duly notified of the public sale, *prima facie* said court acted with jurisdiction, without it being necessary to establish in the registry "the manner" in which said creditors were notified.

The decisions appealed from must be reversed and the registrar should proceed to make the cancellations ordered.